# EXHIBIT A

Case 3:23-cv-00448-HEH   Document 1-2   Filed 07/12/23   Page 2 of 4 PageID# 29



[Non-California]

## CONFIDENTIAL INFORMATION AND WORK PRODUCT ASSIGNMENT AGREEMENT

As a condition of the undersigned employee's ("I", "my", "me" or "employee") employment (and continued employment) with AMF Bowling Centers, Inc. d/b/a Bowlmor AMF Centers and its affiliates and subsidiaries, together with its successors or assigns (collectively, the "Company"), and in consideration of my employment/continued employment with the Company and my receipt of the compensation now and hereafter paid to me by Company, I agree to the **Terms and Conditions** set forth below. **I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT AND UNDERSTAND ITS TERMS AND CONDITIONS.**

AGREED AND ACCEPTED:
EMPLOYEE:
_[signature]_  11-10-2015
Name:
Date:

### Terms and Conditions

**1. AT WILL EMPLOYMENT.** EMPLOYMENT WITH THE COMPANY IS FOR AN UNSPECIFIED DURATION AND CONSTITUTES "AT-WILL" EMPLOYMENT. I ALSO UNDERSTAND THAT ANY REPRESENTATION TO THE CONTRARY IS UNAUTHORIZED AND NOT VALID UNLESS OBTAINED IN WRITING AND SIGNED BY THE COMPANY. I ACKNOWLEDGE THAT THIS EMPLOYMENT RELATIONSHIP MAY BE TERMINATED BY ME OR THE COMPANY AT ANY TIME, WITH OR WITHOUT NOTICE OR FOR ANY OR NO CAUSE.

**2. CONFIDENTIAL COMPANY INFORMATION.** During the period of my employment, I will be exposed to certain trade secrets, proprietary information and other information concerning matters relating to the business of Company, including information concerning client affairs, bowling league contacts, customer lists, vendors, company operations, personnel, finances, strategies, intellectual property, technology, plans, policies, strengths, weaknesses, marketing, real estate, assets, risk, legal compliance, Work Product and other company related information ("Confidential Information"). I acknowledge that this Confidential Information is valuable, special, and unique to Company's business and that it is in the legitimate business interest of Company to restrict my disclosure or use of Confidential Information. I agree at all times during the term of my employment and at all times thereafter, to hold in strictest confidence, and not to use or disclose to any person, firm or corporation, except for the direct benefit of the Company related to my work, any Confidential Information. Confidential Information does not include any of the foregoing information or items which satisfies any of the following: (1) is, has been or will be publicly known and generally available which is disclosed through no wrongful act of mine or breach of this Agreement; (2) can be shown in writing to have been independently developed by me without reference to or prior to receipt of any Confidential Information; or (3) becomes legally required to be disclosed upon authority from a governmental entity, court or regulatory body or by operation of law, provided I provide Company prompt written notice of such disclosure in order for the Company to oppose or waive the disclosure thereof, provided, however, the foregoing exceptions in (1) to (3) shall not apply to personal information

protected by state or federal law. All Confidential Information shall remain the sole and exclusive property of the Company.

**3. FORMER EMPLOYER CONFIDENTIAL INFORMATION.** I agree that I will not, during my employment with the Company, use or disclose any confidential information of any former or concurrent employer or other person or entity. I represent and warrant that I have not entered into and will not enter into any agreement with any party that would grant to such third party any right, title or interest in or to Work Products (as defined herein) or Confidential Information, and I have not and will not breach any agreement with third parties as a result of my work with the Company.

**4. THIRD PARTY CONFIDENTIAL INFORMATION.** I agree to hold all customer and third party confidential or proprietary information accessed from the Company during my employment the same as "Confidential Information".

**5. WORK PRODUCTS RETAINED & LICENSED.** I will not incorporate works owned by third parties or owned by me existing prior to my employment with Company into any Work Products ("Incorporated Works"). If Company provides prior written permission to use Incorporated Works, I hereby grant the Company authorization, permission, approval, consent to use, and a nonexclusive, fully-paid, royalty-free, irrevocable, perpetual, unlimited, unconditional and fully sublicensable, assignable and transferable right and license to use, directly or indirectly, the Incorporated Works as incorporated within the Work Products and Confidential Information or as necessary or reasonable to use the same.

**6. DISCLOSURE OF WORK PRODUCTS.** All works of authorship of any kind, in any form or media, in any state of completion, developed, originated, generated, created, made or conceived or reduced to practice by, me alone or jointly with others, either (a) within the scope of my work, (b) under, related to or in connection with this Agreement or my work, (c) resulting from tasks assigned to me by Company or my use of Company's Confidential Information, or (d) funded in whole or in part by Company shall constitute "Work Products". I expressly acknowledge and agree that all Work Products (and information related thereto) shall constitute Confidential Information. I

1



expressly acknowledge and agree that all Work Products under this Agreement are to be considered "work made for hire" as that term is defined in Section 101 of the Copyright Act (17 U.S.C. Section 101) and is the sole and exclusive property of Company. I agree that any and all intellectual property rights to such Work Products are the sole and exclusive property of Company, free from any claim or retention of rights thereto on the part of me.

7. **WORK PRODUCTS ASSIGNED.** If any element or component thereof, is by operation of law not considered to be a work made for hire, I hereby unconditionally and irrevocably transfer, convey, assign, set over, and quitclaim to Company and its successors and assigns all rights, title, and interests of every kind and nature, including, without limitation, all intellectual property rights which I may have or hereafter acquire in the Work Products. All rights granted or agreed to be granted by me under this Agreement shall vest in Company automatically and immediately upon my creation.

8. **OTHER ACTIONS.** I shall, without any additional consideration, take all actions and execute and deliver all documents as Company may reasonably request to effectuate the acknowledgment of ownership in Work Products in and to the Company.

9. **CONFLICTING EMPLOYMENT.** I agree that, during the term of my employment with the Company, I will not engage in any other activity that conflicts with my work for Company.

10. **RETURNING COMPANY DOCUMENTS.** I will return all documents and other tangible materials, whether or not pertaining to Work Products or Confidential Information, furnished to or accessed by me or produced or obtained by me in connection with my work hereunder upon my termination of employment or at any time upon request.

11. **NOTIFICATION OF NEW EMPLOYER.** In the event that I leave the employ of the Company, I hereby grant consent to notification by Company to my new employer about my rights and obligations under this Agreement.

12. **NON-SOLICITATION OF COMPANY PERSONNEL.** I agree that during the term of my employment with the Company and for a period of twelve (12) months immediately following the termination of my employment with the Company for any reason, I shall not, directly or indirectly, either on behalf of myself or for any other person, company or other business entity other than Company, hire or attempt to hire, solicit, induce, recruit or encourage any other employees or agents of Company to terminate their employment or agency relationship with Company in order to work for any person, company or business entity.

13. **REPRESENTATIONS.** I represent that I have not entered and will not enter into any agreement which restricts or prevents me from performing by work or duties. I agree I have not entered nor will I enter into, nor am I bound by, any oral or written agreement in conflict herewith.

14. **EQUITABLE REMEDIES.** I agree that if I breach any of such provisions, the Company will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of this Agreement.

15. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement and understanding between the Company and me relating to the subject matter herein and merges all prior discussions and agreements between Company and me. No modification or amendment to this Agreement, nor any waiver, will be effective unless in writing signed by the party to be charged. Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.

16. **SEVERABILITY.** If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect. Without limiting the foregoing, if any covenant is held to be unreasonable, arbitrary or against public policy by a court of competent jurisdiction, such covenant shall be read to be modified to the maximum extent permitted by law with respect to scope, time and geographic area, or all of them, as a court of competent jurisdiction may determine appropriate, and will be effective, binding and enforceable against me. All terms and provisions of this Agreement survive any termination of my employment.

17. **SUCCESSORS & ASSIGNS.** This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and the parties' successors and assigns. I hereby agree to the assignment of this Agreement by the Company to any other company.

18. **THIRD PARTY BENEFICIARY.** I acknowledge and agree that any party part of the Company is a third party beneficiary hereunder and may enforce its rights hereunder.

19. **GOVERNING LAW.** This Agreement will be governed by the laws of the State of New York, without regard to conflicts of laws. I hereby expressly consent to the personal jurisdiction of the state and federal courts located in New York County, New York for any lawsuit filed there against me from or relating to this Agreement.

20. **NON-COMPETITION.** I recognize and acknowledge that I will acquire valuable knowledge and learn proprietary Confidential Information of Company. In consideration of the foregoing, I agree that during my period of employment and for a period of twelve (12) months immediately following the termination of my employment with the Company for any reason, I shall not, directly or indirectly, either on behalf of myself or for any other person, company or other business entity, compete with Company, or engage in employment with or provide services for any person, company or other entity which provides any service or product which competes with any service or product that is offered by Company within its territories to which it conducts business.

21. **NON-SOLICITATION OF CUSTOMERS.** I agree that during my period of employment and for a period of twelve (12) months immediately following the termination of my employment with the Company for any reason, I shall not, directly or indirectly, either on behalf of myself or for any other person, company or other business entity, do any of the following acts: (a) divert or attempt to divert or interfere with any of Company's customers or business partners from conducting any business with the Company; or (b) call upon influence or attempt to influence any of Company's customers or business partners to transfer their business or patronage away from Company. I will not interfere with, harm, impair, disparage or damage the reputation, goodwill or any business relationships of Company or its representatives.



**22. ARBITRATION.** EXCEPT AS PROVIDED IN "EQUITABLE REMEDIES" HEREIN, I AGREE THAT ANY DISPUTE OR CONTROVERSY ARISING OUT OF ANY INTERPRETATION, ENFORCEMENT, OR BREACH OF THIS AGREEMENT, SHALL BE SETTLED BY ARBITRATION TO BE HELD IN NEW YORK CITY, NEW YORK, IN ACCORDANCE WITH THE EMPLOYMENT DISPUTE RESOLUTION RULES THEN IN EFFECT OF THE AMERICAN ARBITRATION ASSOCIATION.. THE DECISION OF THE ARBITRATOR SHALL BE FINAL, CONCLUSIVE AND BINDING ON THE PARTIES TO THE ARBITRATION.  JUDGMENT MAY BE ENTERED ON THE ARBITRATOR'S DECISION IN ANY COURT HAVING JURISDICTION.  THE COMPANY SHALL BE SOLELY RESPONSIBLE FOR PAYING ALL OF THE ARBITRATION AND ARBITRATOR FEES, AND EACH PARTY SHALL EACH BE RESPONSIBLE FOR PAYING THEIR OWN LEGAL EXPENSES.THIS ARBITRATION CLAUSE CONSTITUTES A WAIVER OF EMPLOYEE'S RIGHT TO A JURY TRIAL AND RELATES TO THE RESOLUTION OF ALL DISPUTES RELATING TO ALL ASPECTS OF THE EMPLOYER/EMPLOYEE RELATIONSHIP (EXCEPT AS PROVIDED '"EQUITABLE REMEDIES" HEREIN).