UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| AMF BOWLING CENTERS, INC.; BOWLERO CORP. § § § *Plaintiffs*, § § vs. § § THOMAS TANASE, § § *Defendant.* § | CIVIL ACTION NO. 3:23-cv-00448-HEH |

## STIPULATION AND [PROPOSED] ORDER

Plaintiffs AMF Bowling Centers, Inc. and Bowlero Corp. (collectively, "Bowlero") and Defendant Thomas Tanase, by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, Bowlero initiated the above-captioned Action on July 12, 2023, alleging that Defendant Thomas Tanase violated the Computer Fraud and Abuse Act, the Virginia Computer Crimes Act, and his employment contract, and committed trespass to chattels against Bowlero's computer systems;

WHEREAS, on July 12, 2023, Bowlero moved for a temporary restraining order and preliminary injunction (the "Motion") seeking to enjoin further unauthorized access to Bowlero's computer systems by Mr. Tanase, along with other relief itemized in Bowlero's Proposed Order (ECF No. 7-1).

WHEREAS, the Court scheduled a hearing for July 27, 2023 on the Motion;

WHEREAS, the Parties, having met and conferred through their undersigned counsel, desire to resolve the Motion in advance of the hearing on the terms set forth below;

THEREFORE, IT IS HEREBY STIPULATED and AGREED, by and between the undersigned counsel for Bowlero and Tanase, subject to the Court's approval, that:

1. The hearing scheduled for July 27, 2023, at 10 a.m. is cancelled.

2. Mr. Tanase shall comply with all post-employment obligations under his Employment Agreement.  The provisions of this Section 2 of the Order are without prejudice to any claims that Clause 20 of the Employment Agreement addressing non-compete restrictions are not enforceable.

3. Mr. Tanase, and any agents of Mr. Tanase and all those acting in active concert or participation with Mr. Tanase, shall not access or extract any data from Bowlero's computers, computer systems, computer network, computer program, computer devices, or data. However, nothing in this Section 3 shall limit the rights of Mr. Tanase to conduct discovery in accordance with the Federal Rules of Civil Procedure.

4. Mr. Tanase, and any agents of Mr. Tanase and all those acting in active concert or participation with Mr. Tanase, shall not disclose to any third-party any Bowlero proprietary material or confidential information contained on/in the devices, documents, and media referenced in Paragraph 6.

5. Within **72 hours** of the entry of this Order, Mr. Tanase shall identify to Bowlero's counsel of record, in writing and under oath, the identity and last-known contact information, including the title, email address, telephone number, employer and other identifying information in Mr. Tanase's possession, custody or control, of the individuals, groups, companies, governmental entities, or other persons or entities, if any, to whom Mr. Tanase and, as applicable, Mr. Tanase's agents and all of those

        acting in active concert with Mr. Tanase, have disclosed, transferred, published, distributed, broadcasted, or marketed any Bowlero proprietary material or confidential information obtained or accessed by Mr. Tanase.

6. Within **72 hours** of the entry of this Order, Mr. Tanase and all of those acting in active concert or participation with Mr. Tanase, shall make the following items in their possession, custody, or control (and not previously returned to Bowlero) available to Bowlero's counsel of record for forensic imaging and data preservation purposes: any computer (laptop and/or desktop) and every form of media, including but not limited to electronic storage devices, external hard drives, zip drives, memory sticks, jump drives, USB/flash drive devices, email accounts or other cloud storage devices which contain or have ever contained Bowlero's proprietary material or confidential information obtained or accessed by Mr. Tanase, including but not limited to the three USB devices connected to the Dell XPS laptop on June 6, 2023. Bowlero, Bowlero's counsel of record and any vendor and/or agent of Bowlero shall not open, examine, analyze, image, or review any devices returned pursuant to this Paragraph 6 until entry of a protocol governing discovery of electronically stored information (the "ESI Protocol"). However, notwithstanding the above, any phone provided by Mr. Tanase shall be imaged and returned as quickly as possible, but Bowlero, Bowlero's counsel of record and any vendor and/or agent of Bowlero shall not otherwise open, examine, analyze, image, or review any such phone until entry of the ESI Protocol. The Parties agree to submit the ESI Protocol to this Court no later than August 3, 2023. The Parties shall work together in good faith to agree to the ESI Protocol. The ESI Protocol shall set forth

      appropriate provisions to protect (1) the Parties' personal and confidential information from disclosure; (2) any attorney/client communications from disclosure and (3) any attorney work product documents or information from disclosure. Nothing in this Order or the ESI Protocol shall constitute a waiver of the attorney/client privilege and/or the work product doctrine.

7. Pursuant to Federal Rule of Civil Procedure 26(d)(1), the Parties may commence discovery and any limits on discovery that would be applicable to the Parties before any Rule 26(f) conference shall be and hereby are waived, except that no discovery (beyond that required by the foregoing Stipulation and Order) shall occur before the Parties' filing of the ESI Protocol.

8. This Order is issued without prejudice to Bowlero seeking further additional discovery or other relief as appropriate, including further equitable or legal relief.

9. This Order shall become immediately effective upon its entry.

It is so ORDERED.

Date: _____       _____
                                                                     Henry E. Hudson
                                                                     United States District Court Judge

**WE ASK FOR THIS:**

/s/ *Neil S. Talegaonkar*
Randy C. Sparks, Jr. (VSB No. 40723)
Neil S. Talegaonkar (VSB No. 44589)
Catrina C. Waltz (VSB No. 98446)
KAUFMAN & CANOLES, P.C.
1021 East Cary Street, Suite 1400
Richmond, VA 23219
Phone: (804) 771-5700
Fax: (888) 360-9092
rcsparks@kaufcan.com
ccwaltz@kaufcan.com

Alex Spiro (NY Bar No. 4656542)
(Admitted *Pro Hac Vice*)
Hope D. Skibitsky (NY Bar No. 5362124)
(Admitted *Pro Hac Vice*)
Daniel Sisgoreo (NY Bar No. 5812417)
(Admitted *Pro Hac Vice*)
QUINN EMANUEL URQUHART
& SULLIVAN LLP
51 Madison Avenue, Floor 22
New York, NY 10010
Phone:   (212) 849-7000
Fax: (212) 849-7100
alexspiro@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
danielsisgoreo@quinnemanuel.com

Asher B. Griffin (TX Bar No. 24036684)
(Admitted *Pro Hac Vice*)
300 West 6th St., Suite 2010
Austin, TX 78701
Phone: (737) 667-6100
Fax: (737) 667-6110
ashergriffin@quinnemanuel.com

5

Michael Shaheen (DC Bar No. 997266)
(Admitted *Pro Hac Vice*)
1300 I Street NW
Washington, D.C. 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
michaelshaheen@quinnemanuel.com

*Counsel for Plaintiffs AMF Bowling Centers, Inc. and Bowlero Corp.*


*/s/ Jay I. Igiel*
Jay I. Igiel (VSB No. 65576)
Nealon & Associates, P.C.
119 North Henry Street
Alexandria, Virginia 22314
Phone: (703) 684-5755
Fax: (703) 684-0153
jigiel@nealon.com

*Counsel for Defendant Thomas Tanase*

21699462.v1