UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| AMF BOWLING CENTERS, INC., *et al.* )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>THOMAS TANASE )<br>)<br>    Defendant. )<br>) | Civil Action No. 3:23cv448 |

**ANSWER TO COMPLAINT**

COMES NOW Defendant Thomas Tanase, by and through Counsel and for his Answer to the Complaint by Plaintiff Bowlero Corp.[1] ("Bowlero") states as follows:

**NATURE OF THE DISPUTE**

1. Paragraph 1 of the Complaint is denied.

2. Paragraph 2 of the Complaint is denied.

3. Paragraph 3 of the Complaint is denied.

4. Paragraph 4 of the Complaint is denied.

5. Paragraph 5 of the Complaint is denied.

6. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore they are denied.

---

[1] Defendant has filed a Motion to Dismiss as to all claims asserted by AMF Bowling Centers, Inc.

7. Paragraph 7 of the Complaint sets forth a summary statement of the Complaint to which no response to required, as the Complaint speaks for itself. To the extent a response is required the allegations against Defendant are denied.

## PARTIES AND RELEVANT NON-PARTIES

8. Upon information and belief, the allegations set forth in Paragraph 8 of the Complaint are admitted.

9. Upon information and belief, the allegations set forth in Paragraph 9 of the Complaint are admitted.

10. The allegations set forth in Paragraph 10 of the Complaint are admitted.

11. The allegations set forth in Paragraph 11 of the Complaint are denied as characterized. Mr. Dowe is not an adverse party to Bowlero, but rather represents clients with claims against Bowlero before the EEOC. To date, the EEOC issued determinations of probable cause as to 55 of the charges and has also alleged a pattern or practice of age discrimination, which resulted in a determination of probable cause. The Court's ruling in the Oneida Action speak for themselves.

## JURISDICTION AND VENUE

12. Paragraph 12 of the Complaint sets forth legal conclusions to which no response to required. To the extent a response is required the allegations are denied.

13. Paragraph 13 of the Complaint sets forth legal conclusions to which no response to required. To the extent a response is required the allegations are denied.

14.     Paragraph 14 of the Complaint sets forth legal conclusions to which no response to required.  To the extent a response is required the allegations are denied.

## FACTUAL ALLEGATIONS

15.     The allegations set forth in Paragraph 15 of the Complaint are admitted.

### A.     Mr. Tanase's Employment Agreement

16.     The allegations set forth in Paragraph 16 of the Complaint are denied, as the Employment Agreement is with AMF not Bowlero.

17.     As the Employment Agreement speaks for itself the allegations contained in Paragraph 17 of the Complaint are denied.

18.     As the Employment Agreement speaks for itself the allegations contained in Paragraph 18 of the Complaint are denied.

19.     As the Employment Agreement speaks for itself the allegations contained in Paragraph 19 of the Complaint are denied.

### B.     Mr. Tanase Resigns And Vows To Get "Revenge" On Bowlero And To " Bury" Its CEO

20.     Paragraph 20 of the Complaint is denied.

21.     Paragraph 21 of the Complaint is denied, as Defendant did not resign.

22.     As the policy on "Corporate-Owned Data Devices" speaks for itself the allegations contained in Paragraph 22 of the Complaint are denied.  Additionally, Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint

concerning the posting of the policy on "Corporate-Owned Data Devices" and therefore they are denied.

23. As the policy on "Unique IDs and Passwords" speaks for itself the allegations contained in Paragraph 22 of the Complaint are denied. Additionally, Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint concerning the posting of the policy on "Corporate-Owned Data Devices" and therefore they are denied.

24. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore they are denied.

25. Paragraph 25 of the Complaint is denied.

26. Paragraph 26 of the Complaint is denied.

27. The allegations set forth in Paragraph 27 of the Complaint are admitted.

    **C.    Bowlero Discovers Mr. Tanase's Hacking Into Its CEO's Email Account**

28. Paragraph 28 of the Complaint is denied. Additionally, Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint concerning any investigation conducted by the Company and therefore they are denied.

29. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore they are denied.

30. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint and therefore they are denied.

31. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint and therefore they are denied.

32. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore they are denied.

33. Paragraph 33 of the Complaint is denied.

34. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint and therefore they are denied.

35. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint and therefore they are denied.

36. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint and therefore they are denied.

        **D.    Mr. Tanase Refuses To Comply With Bowlero's Cease And Desist Letter**

37. As the June 17 Letter speaks for itself the allegations contained in Paragraph 37 of the Complaint are denied.

38. As the June 17 Letter speaks for itself the allegations contained in Paragraph 38 of the Complaint are denied.

39. Paragraph 39 of the Complaint is denied.

40.     As the June 22 Letter speaks for itself the allegations contained in Paragraph 40 of the Complaint are denied.

41.     The allegation set forth in Paragraph 41 are admitted.

42.     The allegation set forth in Paragraph 42 are admitted.

43.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint and therefore they are denied.

44.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 44 of the Complaint and therefore they are denied.

45.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore they are denied.

46.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 46 of the Complaint and therefore they are denied.

47.     The allegations set forth in Paragraph 47 of the Complaint are denied as characterized. *See* the Affidavit of Defendant attached as Exhibit 1 to the Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

48.     The allegations set forth in Paragraph 48 of the Complaint are denied as characterized. *See* the Affidavit of Defendant attached as Exhibit 1 to the Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

49. The allegations set forth in Paragraph 49 of the Complaint are denied as characterized. *See* the Affidavit of Defendant attached as Exhibit 1 to the Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

50. The allegations set forth in Paragraph 50 of the Complaint are denied.

51. The allegations set forth in Paragraph 51 of the Complaint are denied as characterized. *See* the Affidavit of Defendant attached as Exhibit 1 to the Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

52. The allegations set forth in Paragraph 52 of the Complaint are denied.

53. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 53 of the Complaint and therefore they are denied.

54. The allegations set forth in Paragraph 54 of the Complaint are denied.

55. The allegations set forth in Paragraph 55 of the Complaint are denied.

**FIRST CLAIM FOR RELIEF**
**(Violation of Computer Fraud And Abuse Act, 18 U.S.C. § 1030(g))**

56. Defendant incorporates the responses contained in Paragraphs 1-55 as though fully set forth herein.

57. Paragraph 57 of the Complaint sets forth legal conclusions to which no response to required. Furthermore, as the CFAA speaks for itself the allegations set forth in Paragraph 57 are denied.

58.     Paragraph 58 of the Complaint sets forth legal conclusions to which no response to required.  Furthermore, as the CFAA speaks for itself the allegations set forth in Paragraph 58 are denied.

59.     The allegations set forth in Paragraph 59 of the Complaint are denied.

60.     The allegations set forth in Paragraph 60 of the Complaint are denied.

61.     The allegations set forth in Paragraph 61 of the Complaint are denied.

62.     The allegations set forth in Paragraph 62 of the Complaint are denied.

63.     The allegations set forth in Paragraph 63 of the Complaint are denied.

**SECOND CLAIM FOR RELIEF**
(Virginia Computer Crimes Act, Va. Code § 18.2-152.1, *et. seq.*)

64.     Defendant incorporates the responses contained in Paragraphs 1-64 as though fully set forth herein.

65.     Paragraph 65 of the Complaint sets forth legal conclusions to which no response to required with respect to whether the severs are "property" within the meaning of Va. Code § 152.2.  However, it is admitted that Bowlero maintains a server in Virginia and the that the Dell XPS was also located in Virginia the majority of the time.

66.     The allegations set forth in Paragraph 66 of the Complaint are denied.

67.     The allegations set forth in Paragraph 67 of the Complaint are denied.

68.     The allegations set forth in Paragraph 68 of the Complaint are denied.

69. The allegations set forth in Paragraph 69 of the Complaint are denied.

70. The allegations set forth in Paragraph 70 of the Complaint are denied.

71. The allegations set forth in Paragraph 71 of the Complaint are denied.

72. The allegations set forth in Paragraph 72 of the Complaint are denied.

73. The allegations set forth in Paragraph 73 of the Complaint are denied.

## THIRD CLAIM FOR RELIEF

### (Trespass to Chattels)

74-79. Paragraph 74-79 of the Complaint are the subject of Defendant's Motion to Dismiss. An answer will be provided to said allegations when, and if appropriate.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

80. Defendant incorporates the responses contained in Paragraphs 1-80 as though fully set forth herein.

81. The allegations set forth in Paragraph 81 of the Complaint are denied, as sections of the Employment Agreement are not enforceable.

82. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 82 of the Complaint and therefore they are denied.

83. As the Employment Agreement speaks for itself the allegations contained in Paragraph 83 of the Complaint are denied.

84. As the Employment Agreement speaks for itself the allegations contained in Paragraph 84 of the Complaint are denied.

85. The allegations set forth in Paragraph 85 of the Complaint are denied.

86. The allegations set forth in Paragraph 86 of the Complaint are denied.

87. As the Employment Agreement speaks for itself the allegations contained in Paragraph 87 of the Complaint are denied.

88. The allegations set forth in Paragraph 88 of the Complaint are denied.

89. The allegations set forth in Paragraph 89 of the Complaint are denied.

90. Paragraph 90 of the Complaint sets forth a summary statement of the Complaint to which no response to required, as the Complaint speaks for itself. To the extent a response is required the allegations against Defendant are denied.

91. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 91 of the Complaint and therefore they are denied.

## JURY DEMAND

92. As the Complaint speaks for itself no response to the allegations set forth in Paragraph 92 is required.

## PRAYER FOR RELEIF

93. Defendant denies that Plaintiff is entitled to any of the relief requested.

94. Any allegation not specifically responded to above is hereby denied.

## DEFENDANT'S JURY DEMAND

95. Defendant hereby demands trial by Jury.

## PRAYER FOR RELIEF

93.  Defendants deny that Plaintiff is entitled to any of the requested relief.

94.  Any allegation not specifically admitted or denied above is hereby denied.

## AFFIRMATIVE DEFENSE

### First Affirmative Defense

The Complaint and each allegation contained therein fail to state a claim upon which relief may be granted. Defendant incorporates its Motion to Dismiss as if fully set forth herein.

### Second Affirmative Defense

The Fourth Claim For Relief (Breach of Contract) is moot, as the equitable relief requested has already been ordered in accordance with the Stipulation and Order concerning the Motion for Temporary Restraining Order and Preliminary Injunction.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and unclean hands.

### Fourth Affirmative Defense

Defendant was and is entitled to use the general information concerning the method of business of the Plaintiffs information retained in his memory.

### Fifth Affirmative Defense

Plaintiff has not been damaged by any alleged acts of Defendants and any damages suffered are a result of Plaintiffs' actions or omissions.

### Sixth Affirmative Defense

Plaintiff is barred from recovering any alleged damages by failure to mitigate those damages.

### Seventh Affirmative Defense

Plaintiff failed to properly allege and Defendants did not engage in any conduct that was malicious and/or otherwise supports the award of punitive or exemplary damages.

### Eighth Affirmative Defense

There is no irreparable harm, or lack of adequate remedy at law that justifies an injunction.

### Ninth Affirmative Defense

The Defendants now claim any and all other equitable or legal defenses that may be available at trial.

                                                          Respectfully Submitted
                                                          Thomas Tanase
                                                          *By Counsel*

Dated: August 3, 2023

      /s/
_____
Jay Ian Igiel, Esq.. (VSB#65576)
Robert B. Nealon, Esq. (VSB#23096)
NEALON & ASSOCIATES, P.C.
119 North Henry Street
Alexandria, Virginia 22314
Phone: (703) 684-5755
Fax: (703) 684-0153
Email: jigiel@nealon.com
Email: rbnealon@nealon.com
*Counsel For Defendant*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 3rd Day of August, 2023 a copy of the foregoing will be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

   Randy C. Sparks, Jr.
   Catrina C. Waltz
   KAUFMAN & CANOLES, P.C.
   1021 East Cary Street, Suite 1400
   Richmond, VA 23219
   rcsparks@kaufcan.com
   ccwaltz@kaufcan.com

   Alexander Benjamin Spiro
   Daniel Sisgoreo
   Hope Delaney Skibitsky
   Quinn Emanuel Urquhart & Sullivan, LLP (NY-NA)
   51 Madison Ave
   22nd Floor
   New York, NY 10010
   alexspiro@quinnemanuel.com
   danielsisgoreo@quinnemanuel.com
   hopeskibitsky@quinnemanuel.com

   Asher Griffin
   Quinn Emanuel Urquhart & Sullivan, LLP
   300 W. 6th Street
   Suite 2010
   Austin, TX 78701
   737-667-6100
   ashergriffin@quinnemanuel.com

   Michael Edmund Shaheen
   Quinn Emanuel Urquhart & Sullivan LLP (DC-NA)
   1300 I Street NW
   Suite 900
   Washington, DC 20005
   michaelshaheen@quinnemanuel.com

Neil Shantaram Talegaonkar
Kaufman & Canoles
1021 East Cary Street
Suite 1400
Richmond, VA 23219-4058
nstalegaonkar@kaufcan.com

       /s/
Jay Ian Igiel (VSB No. 65576)
NEALON & ASSOCIATES, P.C.
119 North Henry Street
Alexandria, VA 22314
Tel: (703) 684-5755
Fax: (703) 684-015
Email: jigiel@nealon.com
*Counsel For Defendant*