# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

AMF BOWLING CENTERS,
INC., *et al.*,

           Plaintiffs,

    v.

THOMAS TANASE,

           Defendant.

Civil Action No. 3:23-cv-448–HEH

## MEMORANDUM ORDER
### (Resolving Discovery Dispute)

THIS MATTER is before the Court on the parties' Joint Statement Regarding Discovery Dispute over Defendant Thomas Tanase's ("Defendant") Disclosure of Privileged Document (the "Motion," ECF No. 59), filed on November 8, 2023. The Motion outlines a discovery dispute over Defendant's allegedly inadvertent disclosure of a document protected by attorney-client privilege and/or the work product doctrine (the "Document," Ex. D, ECF No. 60).

The Court heard oral argument on January 25, 2024. At the hearing, Plaintiffs withdrew their argument that Defendant waived privilege as to the subject-matter of the Document, and proceeded only on the argument that Defendant waived privilege as to the Document. At the hearing and for the reasons that follow, the Court found that Defendant waived privilege as to the Document and that Plaintiffs are not required to return the Document.

## I. BACKGROUND

Plaintiffs brought suit against Defendant alleging violations of the Computer Fraud and Abuse Act ("CFAA") and the Virginia Computer Crimes Act ("VCCA"), trespass to chattels, and breach of contract. (Am. Compl. ¶ 7, ECF No. 51.) The parties now face a discovery dispute regarding the Document that was allegedly inadvertently disclosed and subject to attorney-client privilege.

On August 23, 2023, Defendant produced his initial disclosures which included an email thread (Ex. A, ECF No. 59-1) that Plaintiffs identified as potentially privileged. (Mot. at 2.) On August 29, 2023, Plaintiffs' counsel emailed Defense counsel to "confirm that the below two documents from Mr. Tanase's first production are not privileged and were not inadvertently produced[.]" (*Id.* (citing Ex. B, ECF No. 59-2).) Two days later, Defense counsel responded: "He is not an attorney and no privilege applies." (*Id.* (citing Ex. C, ECF No. 59-3).) One of the documents referenced in the email, "Tanase 000000564," is the subject of this dispute. (*Id.*)

The Document involves emails between Defendant and his attorneys from July 25, 2023. (*Id.*) It contains discussion of Defendant's legal strategy in this proceeding and in proceedings before the U.S. Equal Employment Opportunity Commission ("EEOC"), where Attorney Daniel Dowe represents Defendant and other third-party plaintiffs against Plaintiffs. (*Id.* at 2–3.) On September 13, 2023, Plaintiffs served discovery requests relating to the Document. (*Id.* at 3.) On September 28, 2023, Defense counsel objected to the request, asserting privilege over the Document, claiming its disclosure was inadvertent, and demanding its return and/or destruction. (*Id.*) Plaintiffs' counsel

responded the next day stating Defendant waived his privilege over the Document. (*Id.*)
On October 3, 2023, the parties met and conferred regarding the discovery dispute and
were unable to come to a resolution. (*Id.*)

## II. DISCUSSION

Plaintiffs argue that, pursuant to Federal Rule of Evidence 502(b), Defendant's
disclosure of the Document resulted in a waiver of attorney-client privilege over the
Document. (*Id.* at 3–4.) Defendant asserts that the Document was inadvertently
produced because of "an administrative coding error and/or discovery platform error and
[is] protected by attorney/client privilege and work product doctrine." (*Id.* at 6.) He
argues that "[a]s soon as [he] became aware of this issue," he issued a "clawback" letter.
(*Id.* at 6.) Defendant also contends that Plaintiffs were already aware of the contents of
the Document through other sources, and, therefore, the Court should not find that he
waived attorney-client privilege as to the Document. (*Id.* at 7–8.)

Rule 502(b) controls this Court's analysis. If all three (3) elements are met, then
the disclosure does not result in a waiver of privilege. Rule 502(b) states, in full:

> **(b) Inadvertent Disclosure.** When made in a federal proceeding or to a
> federal office or agency, the disclosure does not operate as a waiver in a
> federal or state proceeding if:
>     **(1)** the disclosure is inadvertent;
>     **(2)** the holder of the privilege or protection took reasonable steps to
>     prevent disclosure; and
>     **(3)** the holder promptly took reasonable steps to rectify the
>     error, including (if applicable) following Federal Rule of Civil
>     Procedure 26(b)(5)(B).

FED. R. EVID. 502(b). At the hearing, Plaintiffs conceded that the original disclosure of the Document was inadvertent based on Defendant's assertion that it was produced due to a technical or software error. Thus, the first element is met.

The second element requires that Defendant took reasonable steps to prevent disclosure of the Document. The Court finds that he did not. Upon receipt of the Document, Plaintiffs identified the Document as potentially privileged and emailed Defense counsel to confirm. Defense counsel expressly indicated that the Document was *not* privileged. (*See* Mot. at 2; Ex. C.) Further, Defendant did not identify the Document by bates number in his privilege log. (*See* Mot. at 4; Ex. E, ECF No. 59-5.) Therefore, Defendant failed to take reasonable steps to prevent the disclosure of the Document.

As to the third element, Defendant attempted to claw-back the Document approximately thirty (30) says after Plaintiffs notified him that the Document may be subject to attorney-client privilege. (*See* Mot. at 3, 6.) Not only could the disclosure of the Document have been prevented by exercising due care, but Defense counsel could have rectified the issue when Plaintiffs emailed him only six (6) days after the initial disclosure. Thus, considering nearly a month passed before Defendant issued a claw-back letter, the Court finds Defendant failed to promptly take reasonable steps to rectify the inadvertent disclosure of the Document.

## III. CONCLUSION

Accordingly, pursuant to Rule 502(b), the Court concludes that Defendant waived privilege as to the Document and finds that Plaintiffs are not required to return the

Document. However, the Court notes that the Document is still subject to the Stipulated Protective Order (ECF No. 39) previously entered in this case.

The Clerk is DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

/s/

Henry E. Hudson
Senior United States District Judge

Date: January 29, 2024
Richmond, Virginia

