UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AMF BOWLING CENTERS, ET AL, | ) |
| Plaintiffs, | ) |
| v. | ) Case No: 3:23-cv-448 |
| THOMAS TANASE, | ) |
| Defendant. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE COUNTERCLAIM AND TO ADD AN ADDITIONAL PARTY

DEFENDANT THOMAS TANASE, by counsel, submits the following memorandum of points and authorities in support of his "*Motion for Leave to File Counterclaim and to Add an Additional Party*".

### FACTS

In their Complaint, Plaintiffs have alleged that Defendant THOMAS TANASE (Tanase) hacked into the emails of Tom Shannon (Shannon) after Tanase was terminated by Plaintiffs. Tanase has vehemently denied the false allegations of hacking and has maintained that the allegations were a ruse to justify his wrongful termination and age discrimination. In fact, in discussions with Counter-Defendant BRETT PARKER (Parker), Tanase denied the allegations resulting in Parker threatening criminal charges and this lawsuit if Tanase did not drop any claims against Plaintiffs, filed with the EEOC, or spoke with attorney Daniel W. Dowe, Esq. who has filed 78 Charges of Discrimination against Bowlero pursuant to the 1967 Age Discrimination in Employment Act, 29 U.S. Code § 621, *et seq*. ("ADEA"). In fact, these charges were made up by the Counter-

Defendants in order to do an end run around the EEOC and the findings which the Plaintiffs and Counter-Defendant knew was coming after Tanase was terminated in violation of the ADEA. Tanase's prior counsel did not file a counterclaim. However, the issue of Tanase's termination and age discrimination were heard by the EEOC, which determined that there was probable cause to believe that Tanase was wrongfully terminated due to age discrimination in violation the ADEA.

In this case, Plaintiffs have been aware that the matters raised in the Counterclaim have been Tanase's position and that Tanase was asserting those matters as a defense to their allegations. The Plaintiffs have been on notice and are not prejudiced by the new counterclaims.

## ARGUMENT

**1. Rule 13 of the Federal Rules of Civil Procedure Permits This Counterclaim**

Rule 13 of the Federal Rules of Civil provides for counterclaims and states in pertinent part:

(a) COMPULSORY COUNTERCLAIM.

(1) *In General.* A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

(B) does not require adding another party over whom the court cannot acquire jurisdiction.

Rule 13 also allows for the inclusion, when necessary, of additional parties, when the interest of justice so requires.

h) JOINING ADDITIONAL PARTIES. Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim..

## 2. The Requirements of Rule 15 of the Federal Rules of Civil Procedure Apply.

The Courts have considered the filing of a counterclaim out of time an amendment to the initial response and have applied the requirements of Rule 15 of the Federal Rules of Civil Procedure. "However, the 2009 Amendments to the Federal Rules of Civil Procedure abrogated Rule 13(f) and 'establishe[d] Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim". *Virginia Innovation Sciences, Inc. v. Samsung Electronics. Co*. LTD, 11 F.Supp.3d 622, 631 (E.D. Va. 2014); see also, *Brown v. Seabrooks*, Case No. 5:20-cv-00010, p. 7-8 (W.D. Va. Nov 19, 2020). Rule 15 provides for the amendment of pleadings. There are amendments made as a matter of course, generally within 21 days and there are "other amendments" such as the one in this case. As to other amendments, Rule 15(a)(2) provides: "*Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

As the Court in *Brown* explained:

The "general purpose" of the compulsory counterclaim mandates of Rule 13(a) is "to have all related actions heard at one time". [*Painter v. Harvey*, 863 F.2d 329, 334 (4th Cir. 1988)] Consistent with this policy, the Fourth Circuit has held "compulsory counterclaims should be granted freely." *Barnes Grp., Inc. v. C&C Prods., Inc.,* 716 F.2d 1023, 1035 n. 35 (4th Cir. 1983) (citing 3 J. Moore, MOORE'S FhEDERAL PRACTICE ¶ 13.33, at 13-196 (2d ed. 1983)).

3

It is anticipated that the Counter-Defendants will argue that the delay in filing should bar the counterclaim. However, "delay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); <u>Deasy v. Hill</u>, 833 F.2d 38, 41 (4th Cir. 1987); *Brown*, p. 9. As the Court in *Brown* explained:

> Denial of leave to amend is justified if there is delay and (1) the amendment would prejudice the opposing party, (2) the movant has acted in bad faith, or (3) the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 509 (4th Cir. 1986)).

Here, like in *Brown* and *Virginia Innovation Sciences*, there is no prejudice to Counter-Defendants in allowing the counterclaim. Counter-Defendants were aware that every time they asserted that Tanase illegally hacked into emails and illegally took confidential information, Tanase informed them that those claims were false and fabricated. Tanase has maintained that position from the time the Counter-Defendants made the false claims, through the EEOC proceedings, and through this case; most recently, at Tanase's deposition on March 11, 2024.

As to bad faith, Tanase just obtained present counsel to replace previous counsel. Daniel Kim entered the case just before the deposition and Scott Pickus and Alan Cilman entered their appearances literally days ago.

Obviously, the counterclaims are not futile. They are an integral part of the defense in this case. As noted, the other side raised the false claims of hacking and theft of confidential information with the EEOC and the EEOC ruled in Tanase's favor. To

date, the other side has not identified a single document or other thing Tanase obtained through hacking, because the charges are made up.

### 3. The Addition of Brett Parker

Brett Parker was a director and the former president and Chief Financial Officer of Bowlero and now serves as a director and Vice Chairman of Bowlero. Since he made the threats on behalf of himself and the other Counter-Defendants, Tanase believes he is a required party as defined in Rule 19 of the Federal Rules of Civil Procedure.

                                       Respectfully submitted,

                                       Thomas Tanase


                                       /s/   I.Scott Pickus
                                       By Counsel


I. Scott Pickus, Esquire
VSB # 24564
10132 West Broad Street
Glen Allen, VA 23060
(804) 377-6688 voice
(804) 334-6964 cell
(206) 203-2766 fax
spickus1@comcast.net

/s/ Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on the __3rd__ day of April, 2024 I will electronically file the foregoing Memorandum of Points and Authorities in Support of Motion for Leave to File Counterclaim and to Add an Additional Party with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

 Randy C. Sparks, Jr.
 Catrina C. Waltz
 Neil Shantaram Talegaonkar
 KAUFMAN & CANOLES, P.C.
 1021 East Cary Street, Suite 1400
 Richmond, VA 23219
 rcsparks@kaufcan.com
 ccwaltz@kaufcan.com
 nstalegaonkar@kaufcan.com

 Alexander Benjamin Spiro
 Daniel Sisgoreo
 Hope Delaney Skibitsky
 QUINN EMANUEL URQUHART & SULLIVAN, LLP (NY-NA)
 51 Madison Ave 22nd Floor New York, NY 10010
 alexspiro@quinnemanuel.com
 danielsisgoreo@quinnemanuel.com
 hopeskibitsky@quinnemanuel.com

 Asher Griffin
 QUINN EMANUEL URQUHART & SULLIVAN, LLP
 300 W. 6th Street, Suite 2010
 Austin, TX 78701
 ashergriffin@quinnemanuel.com

 Michael Edmund Shaheen
 QUINN EMANUEL URQUHART & SULLIVAN, LLP (DC-NA)
 1300 I Street NW Suite 900
 Washington, DC 20005
 michaelshaheen@quinnemanuel.com

               */s/ I. Scott Pickus*
               I. Scott Pickus, Esquire
               VSB # 24564
               10132 West Broad Street
               Glen Allen, VA 23060
               (804) 377-6688 voice
               (804) 334-6964 cell
               (206) 203-2766 fax

               spickus1@comcast.net