AMF BOWLING CENTERS, ET AL,      )
                                    )
              **Plaintiffs,**      )
                                    )
      **v.**                    )      **Case No: 3:23-cv-448**
                                    )
**THOMAS TANASE,**              )
                                    )
              **Defendant.**      )
_____)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND DISCOVERY DEADLINES DUE TO PLAINTIFFS' INABILITY TO RESPOND

DEFENDANT THOMAS TANASE, by counsel, submits the following memorandum of points and authorities in support of his "*Motion to Extend Discovery Deadlines Due to Plaintiffs' Inability to Respond*":

### FACTS

On or about October 25, 2023, Defendant served "*Defendant's First Set of Interrogatories to Plaintiffs"* (Exhibit A), consisting of eleven (11) interrogatories, on Plaintiffs. On or about December 1, 2023, Plaintiffs served "*Plaintiffs' Responses and Objections to Defendant's First Set of Interrogatories*" (Exhibit B) on Defendant. Plaintiffs objected to Interrogatories Nos. 1, 4, 6, 7, 8, 9, and 10, on the grounds, *inter alia*, that said interrogatories were "premature". Additionally, Plaintiffs were unable to answer Interrogatories Nos. 3, 6, 7, 8, 9, and 10. Although the discovery deadline is April 6, 2024, Plaintiffs have neither withdrawn the "premature" objection nor supplemented their answers.

Interrogatory No. 1 asks for "persons with personal knowledge of the facts [Plaintiffs] rely upon in [their] Amended Complaint" and witnesses. If this interrogatory is "premature",

Plaintiffs should have more time to respond, and Defendant should have more time to investigate when Plaintiffs provide a timely answer.

Interrogatory No. 3 asks about conversations and communications regarding the subject matter of this suit between Plaintiffs and third parties. Plaintiffs improperly limited its answer to six individuals, not including Brett Parker, who tried to extort Tanase on behalf of the Plaintiffs and then claimed those six individuals had no such conversations or communications. Plaintiffs need to provide full and complete answers and Defendant should have more time to investigate when Plaintiffs do provide full and complete answers.

Interrogatory No. 6 asks for the basis of claimed compensatory damages. Again, Plaintiffs object to this Interrogatory as "premature" and Plaintiffs provide no actual damages other than Plaintiffs decided to hire investigators and lawyers to go after Tanase.

Interrogatory No. 7 asks for the basis of punitive damages and again Plaintiffs object as "premature". Plaintiffs provide no basis for punitive damages. Obviously, Defendant is entitled to defend against both compensatory and punitive damages and use discovery to deal with the information provided.

Interrogatory No. 8 asks about disclosure, sharing and dissemination of Confidential Information by Tanase as alleged in the complaint. Not only did Plaintiffs object that this interrogatory was "premature", but also Plaintiffs objected because the information "has not yet been discovered". In other words, Plaintiff do not have any such information.

Similarly, Interrogatory No. 9 asks what "Confidential Information and/or proprietary information Tanase "still has in his possession, custody and/or control" as alleged in the Complaint and again Plaintiffs object as "premature". While Plaintiffs describe information that was on Tanase's company issued computer and other electronic equipment, all of which had

been returned and/or provided by Tanase to Plaintiffs well before the lawsuit was filed, Plaintiffs could provide no information that supported their claim.

Interrogatory No. 10 asks Plaintiffs to "[i]dentify each and every document containing privileged information that you allege Defendant accessed after his resignation." Again, Plaintiffs objected as "premature" and again, Plaintiffs were unable to identify a single document.

Basically, with regard to every allegation of wrongdoing by Tanase and every allegation of damages incurred, Plaintiffs claim the Interrogatories propounded by Tanase are "premature" and Plaintiffs have no evidence to support the claim. If the Plaintiffs believe that providing the requested discovery is "premature" and Plaintiffs are without evidence to support those claims, Plaintiffs will have time to make it right and Defendant will have time to use discovery for his defense.

### ARGUMENT

1. **Rule 16(b)(4) of the Federal Rules of Civil Procedure Allows for the Court to Extend Discovery Deadlines.**

Rule 16(b) of the Federal Rules of Civil Procedure provides for scheduling. Rule 16 (b)(4) provides: "*Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent." In this case, the Plaintiff have claimed that virtually all discovery pertaining to the allegations that the Plaintiffs made in the Complaint against Tanase is "premature", as is discovery pertaining to the damages the Plaintiffs claim to have incurred. Additionally, Plaintiffs object that they do not have this information.

Obviously, the discovery was requested within the time limits set by the Court. At the moment, those time limits are expiring, and Plaintiffs have not supplemented their responses. An extension will allow Plaintiffs to do so and will allow the Defendant time to propound

3

discovery related to those responses.  Alternatively, Plaintiffs may realized there is no evidence

to support either their liability or their damages claims.  Defendant knows that he did not do the

things alleged against him by Plaintiffs and has denied those allegations both prior to the filing of

this case and in this case.

"Rule 16(a)'s good cause standard 'precludes modification [of the scheduling order]

unless the schedule cannot be met despite the diligence of the party seeking the extension.'

*Oravec v. Sunny Isles Luxury Ventures, L.C*., 527 F.3d 1218, 1232 (11th Cir. 2008); quoting

*Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); citing: *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).  In this case, there has been no

lack of diligence by the defense; rather, Plaintiffs have not shown diligence in providing, or, if

Plaintiffs are to be believed, in obtaining the information requested.  Defense maintains that the

information cannot be obtained because he did not do the things of which he is accused.  It may

be foolish optimism, but hopefully after the discovery extension is ordered, Plaintiffs will reach

the same conclusion.

## CONCLUSION

WHEREFORE, Defendant THOMAS TANASE prays this Court order the relief sought

herein or such other and further relief as it may deem just and proper.

Respectfully submitted,

Thomas Tanase
By Counsel

*/s/Alan J. Cilman*
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226

Facsimile: (703) 268-5182
acilman@aol.com

*/s/I.Scott Pickus*
I. Scott Pickus, Esquire
VSB # 24564
10132 West Broad Street
Glen Allen, VA 23060
(804) 377-6688 voice
(804) 334-6964 cell
(206) 203-2766 fax
spickus1@comcast.net


## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April 2024 I will electronically file the foregoing

MOTION TO EXTEND DISCOVERY DEADLINES DUE TO PLAINTIFFS' INABILITY TO

RESPOND with the Clerk of Court using the CM/ECF system, which will then send a

notification of such filing (NEF) to the following:

Randy C. Sparks, Jr.
Catrina C. Waltz
Neil Shantaram Talegaonkar
KAUFMAN & CANOLES, P.C.
1021 East Cary Street, Suite 1400
Richmond, VA 23219
rcsparks@kaufcan.com
ccwaltz@kaufcan.com
nstalegaonkar@kaufcan.com


Alexander Benjamin Spiro
Daniel Sisgoreo
Hope Delaney Skibitsky
QUINN EMANUEL URQUHART & SULLIVAN, LLP (NY-NA)
51 Madison Ave 22nd Floor New York, NY 10010
alexspiro@quinnemanuel.com
danielsisgoreo@quinnemanuel.com
hopeskibitsky@quinnemanuel.com

Asher Griffin
QUINN EMANUEL URQUHART & SULLIVAN, LLP

300 W. 6th Street, Suite 2010
Austin, TX 78701
ashergriffin@quinnemanuel.com

Michael Edmund Shaheen
QUINN EMANUEL URQUHART & SULLIVAN, LLP (DC-NA)
1300 I Street NW Suite 900
Washington, DC 20005
michaelshaheen@quinnemanuel.com

*s/Alan J. Cilman*
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com