UNITED STATES DISTRI7CT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AMF BOWLING CENTERS, ET AL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: 3:23-cv-448 |
| ) | |
| THOMAS TANASE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISQUALIFY ALEXANDER SPIRO AND
QUINN EMANUEL URQUHART & SULLIVAN LLP, AND/OR
MOTION TO REQUIRE THE DEPOSITION OF ALEXANDER SPIRO**

DEFENDANT THOMAS TANASE, by counsel, Alan J. Cilman and I. Scott Pickus, submits the following "*Memorandum of Points and Authorities in Support of Motion To Disqualify Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP, and/or Motion To Require the Deposition of Alexander Spiro*".

**FACTS**

Plaintiffs filed a Motion for Summary Judgment in the captioned case (ECF 125-126). In said motion, Plaintiffs claim that there are certain undisputed facts that entitle them to summary judgment. Specifically, Plaintiff state:

> 37. On June 17, 2023, Bowlero sent Tanase a cease and desist letter detailing the Company's allegations of Tanase's access of Shannon's emails and Tanase's retention of a Dell XPS Bowlero-issued laptop and the information thereon.

Paragraph 37 then cites, *inter alia*, "Ex. 17 (June 17, 2023 Letter), which is signed by Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP. Paragraph 37 also cites "(Shannon Decl.) ¶ 7", which provides:

> After discovering that Mr. Tanase was hacking into my email account, on June 17, 2023. our outside counsel served Mr. Tanase with a cease and desist letter (the "June 17 Letter"), a true and correct copy of which is attached hereto as **Exhibit A**. The June 17 Letter made a number of demands upon Mr. Tanase. Mr. Tanase did not comply with any of these demands, save for belatedly returning certain Bowlero-issued devices. Indeed, Mr. Tanase did not provide any written response addressing the demands in the June 17 Letter.
>
> (Emphasis in original)

Exhibit A to the Shannon Declaration is the same as Exhibit 17 to the Motion for Summary Judgment signed by Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP. It is also **Exhibit A** to this motion.

Plaintiffs want this Court to give them justice based on Alexander Spiro's and Quinn Emanuel Urquhart & Sullivan LLP's letter because it "[details] the Company's allegations of Tanase's access of Shannon's emails and Tanase's retention of a Dell XPS Bowlero-issued laptop and the information thereon" and because Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP "made a number of demands upon Mr. Tanase [and] Mr. Tanase did not comply [and] Tanase did not provide any written response addressing the demands in the June 17 Letter". As to the demands in the so-called "June 17 Letter", here is what they are:

> Within 24 hours of receipt of this email, you must write to me via email to confirm that you will:
>
> • Immediately return all Company-issued devices to Bowlero without manipulating those devices in any way and without extracting or saving any data thereon.
>
> • Identify all documents, communications, information, or data that you have taken from any Bowlero server, email platform, cloud hosting service, or any Bowlero issued device.
>
> • Explain in detail what, if anything, you have done with the information you have learned from reading Mr. Shannon's emails since your termination; whether you have downloaded any of that information; and with whom you have shared or discussed that information.

- Provide me with all documents and communications concerning your accessing Mr. Shannon's emails, including all documents and communications concerning any information you have learned from reading Mr. Shannon's emails.

- Commit that you will cease disclosing confidential information you received from Bowlero to anyone.

    Further, you are hereby instructed to preserve all documents, communications (including email, text message, voicemail, social media and Teams chats), video and audio recordings, records, browser history, data, and other information, whether in physical or electronic form, that may relate in any way to Bowlero, your employment with Bowlero, and your accessing Mr. Shannon's email account. For avoidance of doubt, the items you are obligated to preserve include all documents, communications, and other materials generated in connection with your exit from Bowlero, including any and all materials that you may have downloaded from Bowlero's servers in connection with your exit and throughout the course of your employment with Bowlero, and all documents, communications, and other materials exchanged with Daniel Dowe or CNBC. To comply with this preservation obligation, you must ensure that you have suspended any automated deletion policies on any devices.

Obviously, because of the nature of the demands, the information the writer had for making each demand, the reasons for each demand, the forcefulness used, the response expected and the reasons therefore, as well as the failure to advise an unrepresented party to consult with counsel, especially after asking Mr. Tanase to admit to criminal activity, due process for Defendant Tanase means that he has the right and should be entitled to further explore Alexander Spiro's reasons both for the purposes of summary judgment and for trial.  Specifically, the letter accuses Mr. Tanase of violating "a number of state and federal laws, including, at a minimum, the Consumer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g), the Virginia Computer Crimes Act ("VCCA"), Va. Code § 18.2-152.1, and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2701".

3

Plaintiffs now make no bones about the importance of the allegations and the importance of the demands in "the June 17 Letter" and the significance of Mr. Tanase's failure to respond to the Plaintiff's case. Plaintiffs' position makes Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP witnesses in the case. In Virginia, no practicing attorney would or should subpoena opposing counsel to a deposition without asking the Court.

## ARGUMENT

**1. Ethically Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP May Not Continue to Represent Plaintiffs in This Case.**

Rule 3.7 of the Virginia Rules of Professional Conduct provides in pertinent part:

**3.7 Lawyer As Witness**

A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness except where:

1. the testimony relates to an uncontested issue;

2. the testimony relates to the nature and value of legal services rendered in the case; or

3. disqualification of the lawyer would work substantial hardship on the client.

The American Bar Association' Model Rules of Professional Conduct have the same requirements, but the ABA provides the following comments:

> [1] Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.
>
> [2] The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

The Fourth Circuit has taken a stronger position than either Virginia or the American Bar Association. For example, in *Alexander v. Watson*, 128 F.2d 627, 631 (4th Cir. 1942), the Court stated:

> For the trial of the case, it was not their services as counsel but their testimony as witnesses that was needed. Able counsel had charge of the legal aspects of the case and had made all the preparation that was necessary. If Watson and Sisterson had been previously employed and had discovered that their testimony was required on the hearing of the case, it would have been their duty to withdraw from the professional employment.
>
> Citing: *Callas v. Independent Taxi Owners' Ass'n*, 62 App.D.C. 212, 66 F.2d 192, 194; *Christensen v. United States*, 7 Cir., 90 F.2d 152, 154; *Inman v. Inman*, 158 Va. 597, 164 S.E. 383, 387; *Kaeser v. Bloomer*, 85 Conn. 209, 82 A. 112, 49 L.R.A.,N.S., 422, 428 and note, Ann.Cas. 1913B, 710; *Onstott v. Edel*, 232 Ill. 201, 83 N.E. 806, 13 Ann.Cas. 28, and note.

In *In re Anonymous*, 283 F.3d 627 (4th Cir. 2002), the attorney submitted a declaration which was intended to help his client in an expense dispute. The Fourth Circuit refused to allow the attorney to continue as counsel.

> Regardless of the extent to which Current Counsel's statement may be necessary or helpful in resolving the expense dispute, we decline to grant consent for him to violate his ethical obligation to refrain from acting as both an advocate and a material witness on behalf of Client.
>
> 283 F.3d at 639. See also, *Hyman v. Hoekstra*, 41 F.4th 272, 299 (4th Cir. 2022).

2. **Court Removal of Counsel.**

In certain instances both federal and Virginia Courts have required removal of counsel, who is also a witness.

**Standard of Review and Procedure.**

Proper analysis of a motion to disqualify must begin with a review of the principles applied by the federal and state courts in Virginia when considering such motions. Virginia

courts have repeatedly held that "the moving party has a high standard of proof to meet in order to prove that counsel should be disqualified." *Rogers v. Pittston Co.,* 800 F. Supp. 350, 353 (W.D. Va. 1992), *aff'd mem.* 996 F.2d 1212 (4th Cir. 1993); quoting *Tessier v. Plastic Surgery Specialist, Inc.*, 731 F.Supp. 724, 729 (E.D.Va.1990).

Virginia federal and state courts recognize a two-step analysis in assessing disqualification motions. A lawyer will not be disqualified unless the party seeking disqualification establishes ***both*** prongs.

First, the moving party must establish a "clear" violation of the Virginia Rules of Professional Conduct. Because Plaintiffs insist that the Court accept the June 17 Letter and the facts and law contained therein, Plaintiffs have made Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP witness both for the summary judgment and for trial.

The second element of the disqualification analysis looks beyond the alleged ethics violation and takes a broader view, balancing a number of other important interests. As one Virginia court explained, "on a motion for disqualification of counsel, a court cannot just mechanically disqualify because there has been an ethical violation." Rather, a court must balance other important interests, such as a litigant's well-settled "right of free choice of counsel," and the effect of disqualification on the judicial system. Significantly, the Courts in the Fourth Circuit have been instructed where the emphasis lies.

> However, when a difficult choice must be made for or against disqualification, the Fourth Circuit has set forth the following guideline: the trial court is not to weigh the circumstances "with hair-splitting nicety" but, in the proper exercise of supervisory power over the members of the bar and with a view of preventing "the appearance of impropriety," it is to **resolve all doubts in favor of disqualification. …**
>
> In essence, "the right of one to retain counsel of his choosing is `secondary in importance to the Court's duty to maintain the highest standards of professional

6

conduct to insure and preserve trust in the integrity of the bar.'"

(emphasis added)

*Rogers v. Pittston Co.*, 800 F.Supp. at 353; quoting: *Tessier*, 731 F.Supp. at 729 (E.D.Va.1990); and *In re Asbestos Cases*, 514 F.Supp. 914, 925 (E.D. Va. 1981); and, citing: *United States v. Clarkson*, 567 F.2d 270, 273, n. 3 (4th Cir.1977); *Gas-A-Tron v. Union Oil Co.*, 534 F.2d 1322, 1324-25 (9th Cir.1976).

In this case, Alexander Spiro will testify that he wrote the June 17 letter, what he put in the letter and why, from whom he obtained the information, what he expected from Defendant Tom Tanase, what he did or did not receive. Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP will then argue to the Court and to the Jury that everything that Alexander Spiro did was correct and everything that Defendant Tanase did especially with regard to the letter was incorrect. Not only does that appear improper, but the multiple roles of Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP will be confusing and misleading.

**Applicable Law**

Mr. Spiro appears before this Court, having been admitted *pro hac vice*. He is barred in the State of New York. Interestingly, in *In re Liotti*, 667 F.3d 419, 427 (4th Cir. 2011), the Fourth Circuit observed that

> Rule 3.7 of the New York Rules, which provides that "a lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless ... the testimony is authorized by the tribunal." New York courts have interpreted Rule 3.7 to require the disqualification of counsel upon the movant's showing that the attorney's testimony is necessary and that there is a substantial likelihood of prejudice if the attorney continues to act as an advocate.

Citing *Capponi v. Murphy*, 772 F.Supp.2d 457, 471–72 (S.D.N.Y.2009).

In this case, Plaintiffs themselves are asking this Court: to accept, the facts as stated by Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP; to accept the criminality that Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP accuse Mr. Tanase of doing; and, to accept the assertion that a failure to respond to the demands and accusations are indicative of guilt.  Through their pleadings, especially the Summary Judgment motion, Plaintiffs have made Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP witnesses.

Because Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP are witnesses in this matter, they must be disqualified.

### 3. Defendant Asks the Court to Require that Alexander Spiro Be Deposed by the Defense.

Undersigned counsel believe that in light of the emphasis on Alexander Spiro by the Plaintiffs in this case, Defendant is entitled to depose him.  In light of the requirements set forth in the previous section, the defense did not believe that Alexander Spiro would be both witness and advocate.  The summary judgment motion makes it abundantly clear that is the case. Undersigned counsel understand that issuing subpoenas to opposing counsel without Court approval is generally considered unreasonable and improper.

## CONCLUSION

WHEREFORE, DEFENDANT THOMAS TANASE prays this Court order the relief sought herein and/or order such other and further relief as it may deem just and proper.

                              Respectfully submitted,

                              Thomas Tanase
                              By Counsel

*/s/Alan J. Cilman*

Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

*/s/I.Scott Pickus*
I. Scott Pickus, Esquire
VSB # 24564
10132 West Broad Street
Glen Allen, VA 23060
(804) 377-6688 voice
(804) 334-6964 cell
(206) 203-2766 fax
spickus1@comcast.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April 2024 I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Randy C. Sparks, Jr.
>Catrina C. Waltz
>Neil Shantaram Talegaonkar
>KAUFMAN & CANOLES, P.C.
>1021 East Cary Street, Suite 1400
>Richmond, VA 23219
>rcsparks@kaufcan.com
>ccwaltz@kaufcan.com
>nstalegaonkar@kaufcan.com


>Alexander Benjamin Spiro
>Daniel Sisgoreo
>Hope Delaney Skibitsky
>QUINN EMANUEL URQUHART & SULLIVAN, LLP (NY-NA)
>51 Madison Ave 22nd Floor New York, NY 10010
>alexspiro@quinnemanuel.com
>danielsisgoreo@quinnemanuel.com

9

hopeskibitsky@quinnemanuel.com

Asher Griffin
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
ashergriffin@quinnemanuel.com

Michael Edmund Shaheen
QUINN EMANUEL URQUHART & SULLIVAN, LLP (DC-NA)
1300 I Street NW Suite 900
Washington, DC 20005
michaelshaheen@quinnemanuel.com

*s/Alan J. Cilman*
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com