**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| AMF BOWLING CENTERS, INC.;<br>BOWLERO CORP., | § Civil Action No.<br>§<br>§ 3:23-cv-00448-HEH<br>§ |
| *Plaintiffs*, | §<br>§ |
| vs. | §<br>§ |
| THOMAS TANASE, | §<br>§ |
| *Defendant.* | § |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
DISQUALIFY AND/OR REQUIRE THE DEPOSITION OF PLAINTIFFS' COUNSEL**

Plaintiffs AMF Bowling Centers, Inc. and Bowlero Corp. (together, "Plaintiffs" or "Bowlero"), for their Memorandum in Opposition to Defendant Thomas Tanase's ("Defendant" or "Tanase") Motion to Disqualify Plaintiffs' Counsel and/or Motion to Require the Deposition of Plaintiffs' Counsel (the "Motion"), state as follows:

**PRELIMINARY STATEMENT**

Rather than filing a brief in opposition to Bowlero's Motion for Summary Judgment, which was due on that same date, on Tuesday, April 30, 2024, Tanase chose to file yet another frivolous motion in this case—a Motion to Disqualify Alexander Spiro and Quinn Emanuel and/or Motion to Require the Deposition of Alexander Spiro, along with a supporting brief, ECF Nos. 142-143 (the "Motion"). The Motion's gravamen is that by sending Tanase a cease-and-desist letter, Quinn Emanuel somehow made itself a witness to this case such that it is conflicted from representing Bowlero at trial. But, case law, common sense, and hundreds of years of legal practice belie Tanase's untenable position. Accordingly, the Motion should be denied.

## LEGAL STANDARD

"The well-established analytical framework for reviewing motions for disqualification of counsel on the basis of conflict of interest has two components. Initially, this Court must determine whether a conflict exists, and if so, whether the drastic remedy of disqualification is warranted." *Lifenet, Inc. v. Musculoskeletal Transplant Found.*, No. 3:06CV387, 2007 WL 1169191, at *5 (E.D. Va. Apr. 19, 2007) (Hudson, J.) (denying disqualification motion where "[t]o require disqualification at this stage of the proceedings would have an adverse impact on the judicial process and severely prejudice the plaintiff," thus "disserv[ing] the interest of justice").

Virginia Rule of Professional Conduct 3.7(a), the "Lawyer As Witness" rule, provides as follows:

> A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification would work substantial hardship on the client.

Va. R. Prof'l. Conduct 3.7.

## ARGUMENT

### I.   Virginia Rule of Professional Conduct 3.7(a) is Not Implicated

Though Tanase admits that to succeed on the Motion he "must establish a 'clear' violation of the Virginia Rules of Professional Conduct," ECF No. 143, Br. at 6, he has not done so. The *entirety* of Tanase's argument in support of this first prong is the following statement: "Because Plaintiffs insist that the Court accept the June 17 Letter and the facts and law contained therein, Plaintiffs have made Alexander Spiro and Quinn Emanuel Urquhart & Sullivan LLP witness both for the [sic] summary judgment and for trial." *Id.* Tanase cites *zero* case law for this absurd proposition.

*First*, the Motion's entire premise is a strawman.  Tanase baselessly claims that "Plaintiffs want this Court to give them justice based on the June 17 Letter."  Br. at 2.  Bowlero filed its Motion for Summary Judgment and Memorandum in Support (collectively, the "Summary Judgment Motion") on April 16, 2024.[1]  ECF No. 119-120.  Far from relying on the June 17 Letter to prove its claims, the *29 page* supporting memorandum references the June 17 Letter *only once.* *See* ECF No. 120, ¶ 37.  Tanase's argument that Bowlero is somehow relying on the June 17 Letter to prove its claims conveniently ignores the Summary Judgment Motion's *72 uncontested statements of undisputed fact* contained therein describing the troves of evidence supporting Bowlero's claims.  *See generally* ECF No. 120.  And, of course, assuming *arguendo* that Bowlero is requesting a fact-finder to accept the June 17 Letter's contents as true (which Bowlero does not do), the June 17 Letter would be subject to a hearsay objection.  Fed. R. Evid. 801.

*Second*, to the extent Tanase argues that either of the parties (it is not clear which) intends to rely on any Quinn Emanuel attorneys to support their respective claims or defenses, such an argument is belied by the record.  *Neither party* has identified Quinn Emanuel (or any of its attorneys) as potential witnesses in Initial Disclosures.  Nor has Tanase ever identified a Quinn Emanuel lawyer as a potential witness in written discovery or by other means.  Thus, to now argue that Quinn Emanuel is a witness and thus should be disqualified is too late. Tanase should have raised this issue earlier, like right after being served with the Complaint, which, like the Summary Judgment Motion, briefly mentions the June 17 Letter. *See* ECF No. 9, ¶¶ 5-6, 37-40.  Having failed to identify a Quinn Emanuel lawyer as a witness in this case until April 30, after the close of fact discovery and less than two months before the June 2024 trial, Tanase has waived his right

---

[1]   Tanase's deadline to file a brief in opposition to the Summary Judgment Motion was April 30, 2024.  As of the date of this submission, he has filed no such brief.

to now make that argument.  *See, e.g.*, Fed. R. Civ. P. 37(c)(1) (if a party does not disclose a witness under Rule 26(a), "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

*Third*,  finding an attorney who sends a cease-and-desist letter to somehow necessarily be a fact witness to future litigation would lead to untenable results.  Specifically, such a finding would mean that any future litigant wishing to send a cease-and-desist letter would be required to retain two sets of counsel; one to send the letter and be prepared to testify as a witness in the potential lawsuit, and a second to litigate that suit.  Such a result would be absurd and is not the way law is practiced.

## II.     Tanase Has Waived Any Right To Seek Disqualification

Tanase cannot satisfy the first prong of the Court's disqualification analysis so this Court need not consider the Motion further.  *See Lifenet*, 2007 WL 1169191, at *5.  But, Tanase has lost the ability to bring the Motion on another basis--waiver.  "To determine whether delay constitutes a waiver, district courts have considered four factors: (i) when the movant learned of the conflict, (ii) whether the movant was represented by counsel during the delay, (iii) why the delay occurred, namely whether it was for tactical reasons, and (iv) whether disqualification would result in prejudice to the nonmoving party."  *Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, 436 F. Supp. 3d 870, 875 (E.D. Va. 2020).  Each factor weighs strongly in favor of waiver in the instant case.

*First*, Tanase would have learned of the purported conflict as early as July 14, 2023, when he was served with the Complaint, which references the June 17 Letter.  ECF No. 24.  There was no reason for Tanase to delay seeking disqualification over seven months.

*Second*, Tanase was represented by *five different* attorneys during this entire period.

*Third*, Tanase has offered **no** reason as to why the filing of such a motion was delayed. However, it is noteworthy that Tanase did not move to disqualify until shortly after Bowlero filed its two dispositive motions—one of which is set for argument this Friday, May 3, 2024. Thus, it is likely that this Motion's timing was strategic.

*Fourth*, disqualification would certainly result in prejudice to Bowlero. Forcing Bowlero to replace its primary counsel now would unduly prejudice Bowlero. *Lifenet,* 2007 WL 1169191, at *7 (noting substitution of counsel soon before a major case deadline can prejudice a non-moving party). The jury trial of this matter is set to commence on June 25, 2024. Quinn Emanuel has been Bowlero's counsel from the onset of this litigation. For the same reason, Tanase cannot establish the second prong of the Court's disqualification analysis—that is, whether an order requiring disqualification would unduly prejudice the nonmoving party. *Lifenet*, 2007 WL 1169191, at *5,

## III. Because the Court Should Grant Bowlero's Motion for Default Judgment, the Disqualification Motion Is Moot

Finally, to the extent the Court is inclined to grant Bowlero's Amended Motion for Sanctions, ECF No. 111, and/or Motion for Summary Judgement, the Court should deny this Motion as moot. *See Kandise LUCAS, et al. v. Henrico Cnty. Public School Board et al.*, 3:18-cv-402-HEH, 2018 WL 4496487, at *9 (E.D. Va. Sept. 19, 2018) (Hudson, J.) (reversed on other grounds) (denying motion to disqualify counsel as moot after dismissing plaintiff's complaint in its entirety).

## IV. Tanase's Alternative Request for Relief to Depose Mr. Spiro Should Be Denied

Tanase's alternative request to depose Mr. Spiro is equally baseless and should be denied.

*First*, this request is untimely. Discovery closed on April 6, 2024. ECF No. 42-1 at 3. Pursuant to Pretrial Schedule A, any issues relating to discovery that are not raised before the

discovery cut-off, are waived.  *Id*.  And, all discovery requests—including subpoenas or deposition notices—"must be served in time to enable a response before the cutoff date."  *Id*.  Tanase has not sought to depose anyone to date.  His failure to seek to depose Bowlero's attorney until now is inexcusable.  Tanase cannot continue to argue that his untimeliness in raising certain issues (or responding to motions) is because of his counsel's need to get up to speed: Scott Pickus entered his appearance on March 15, 2024, Alan Cilman entered his appearance on March 17, 2024, and Tanase has since filed a Motion to Add Counterclaims and Join Party, ECF Nos. 100, 101, a Motion to Extend Discovery,  ECF Nos. 109, 110, and a Motion to Disqualify Bowlero's Counsel, ECF Nos. 142, 143.

*Second*, Mr. Spiro's mental impressions and communications with Bowlero are privileged and not subject to discovery.  *United States v. Nobles*, 422 U.S. 225, 235 (1975) ("[A]t its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); Fed. R. Evid. 502(g)(2) (defining "work-product protection" as protection for "tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial").

## CONCLUSION

For those reasons, Bowlero respectfully requests that this Court deny Tanase's Motion to Disqualify Plaintiffs' Counsel and/or Motion to Require the Deposition of Plaintiffs' Counsel with prejudice. Bowlero further requests an expedited hearing on this Motion to avoid further unnecessary delay to this matter's resolution.

**Dated**:  May 1, 2024                    Respectfully submitted,

                                        **AMF BOWLING CENTERS, INC.**
                                        **and  BOWLERO CORP.**


                                        */s/ Neil S. Talegaonkar*

6

Randy C. Sparks, Jr. (VSB No. 40723)
Neil S. Talegaonkar (VSB No. 44589)
Catrina C. Waltz (VSB No. 98446)
KAUFMAN & CANOLES, P.C.
1021 East Cary Street, Suite 1400
Richmond, VA 23219
Phone: (804) 771-5700
Fax: (888) 360-9092
rcsparks@kaufcan.com
nstalegaonkar@kaufcan.com
ccwaltz@kaufcan.com


Alex Spiro (NY Bar No. 4656542) (admitted
*Pro Hac Vice*)
Hope D. Skibitsky (NY Bar No. 5362124)
(admitted *Pro Hac Vice*)
Daniel Sisgoreo (NY Bar No. 5812417)
(admitted *Pro Hac Vice*)
Stefan Berthelsen (NY Bar No. 6075204)
(admitted *Pro Hac Vice*)
Cara Mund (NY Bar No. 6069199) (admitted
*Pro Hac Vice*)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, Floor 22
New York, NY 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
alexspiro@quinnemanuel.com
hopeskibitsky@quinnemanuel.com
danielsisgoreo@quinnemanuel.com
stefanberthelsen@quinnemanuel.com
caramund@quinnemanuel.com

*Counsel for Plaintiffs AMF Bowling Centers, Inc.
and Bowlero Corp.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel for Defendant Thomas Tanase:

I. Scott Pickus, Esq.
10132 West Broad Street
Glen Allen, VA 23060
spickus1@comcast.net

Alan Jay Cilman, Esq.
10474 Armstrong Street
Fairfax, VA 22030
acilman@aol.com

/s/ *Neil S. Talegaonkar*
Neil S. Talegaonkar (VSB No. 44589)
Kaufman & Canoles, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, Virginia 23219
Telephone:    (804) 771-5700
Facsimile:    (888) 360-9092
Email:  nstalegaonkar@kaufcan.com