IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AMF BOWLING CENTERS, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 3:23-cv-448–HEH ) |
| THOMAS TANASE, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Granting Defendant's Motion to Reconsider)**

THIS MATTER is before the Court on Defendant Thomas Tanase's ("Defendant") Motion to Reconsider the Awarding of Attorney's Fees (the "Motion to Reconsider," ECF No. 189) filed on August 3, 2024. Defendant seeks reconsideration of the Court's decision to proceed with awarding attorneys' fees to Plaintiffs AMF Bowling Centers, Inc. and Bowlero Corp. (collectively, "Plaintiffs" or "Bowlero") (ECF No. 183). The parties have filed memoranda in support of their positions, and the Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. VA. LOC. CIV. R. 7(J). For the reasons that follow, the Court will grant Defendant's Motion.

## I. BACKGROUND

The factual dispute has been well documented by the Court in its previous opinion. (Sealed Mem. Op., ECF No. 181; Redacted Mem. Op., ECF No. 182.)[1] Defendant was employed with Bowlero since 2002, and he worked his way up to becoming the Chief Information Officer ("CIO"). Eventually Defendant's relationship with his supervisor and Bowlero soured, resulting in the end of his employment. Despite no longer working for Bowlero, Defendant proceeded to repeatedly access Bowlero's servers and computer systems without authorization. Defendant acted maliciously, attempting to lower Bowlero's stock price and inflict harm on the company. Ultimately, Bowlero initiated this lawsuit to enjoin Defendant's conduct and recover damages under state and federal law.

Over the course of this lawsuit, Defendant submitted an affidavit to this Court that included false statements, lied under oath during his deposition, and produced an eleventh-hour discovery disclosure of a doctored recording of him and a witness (the "June 17 recording"). Defendant then represented to this Court several conflicting and less-than-believable stories to explain the late disclosure and doctored June 17 recording. Ultimately, the Court found that Defendant, and not his former or current counsel, was responsible for his perjury, lies, and submission of fabricated evidence.

---

[1] Both the Sealed and Redacted Memorandum Opinions maintain the same pagination and are altogether identical in content. Accordingly, the Court makes no distinction between the Opinions when referencing its prior ruling.

On June 13, 2024, the Court granted summary judgment in favor of Plaintiffs. (ECF No. 183.) The Court also granted a motion for sanctions based on Defendant's egregious conduct throughout this case. (*Id.*) In his current Motion, Defendant argues that the Court erred in awarding attorneys' fees when it granted summary judgment on Plaintiff's claim under the Virginia Computer Crimes Act ("VCCA"), Virginia Code § 18.2-15.1, *et seq.* (Def.'s Mem. in Supp. at 4, ECF No. 190.)

## II. LEGAL STANDARDS

Rule 54(b) makes clear that "[a]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time.*" Fed. R. Civ. P. 54(b) (emphasis added). "'[M]otions for reconsideration under Rule 54(b) are not subject to the strict standards applicable to motions for reconsideration of a final judgment' under Rules 59(e) and 60(b)." *In re Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 820 (E.D. Va. 2019) (alterations in original) (quoting *Orbcomm Inc. v. Calamp Corp.*, 215 F. Supp. 3d 499, 503 (E.D. Va. 2016)). Yet, they are nonetheless "guided by the general princip[les]" of Rule 59(e) and 60(b) with the goal to simply "reach the correct judgment under law." *In re Vulcan Constr. Materials, LLC*, 433 F. Supp. 3 at 820 (citations omitted).

Accordingly, under Rule 59, the Court considers "(1) an intervening change in controlling law, (2) the emergence of evidence not previously available, and (3) the correction of a clear error of law or the prevention of manifest injustice." *F.C. Wheat Maritime Corp. v. United States*, 663 F.3d 714, 725 (4th Cir. 2011). Similarly, Rule

3

60(b) permits the Court to consider, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect," or other "alleg[ations] that the court ha[s] made a mistake in resolving [an] issue." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982).

### III. ANALYSIS

Defendant argues that the Court erred in awarding attorneys' fees under the VCCA. Specifically, Defendant contends the Court's reliance on *Tech Systems, Inc. v. Pyles*, No. 1:12-cv-374, 2013 WL 4033650 (E.D. Va. Aug. 6, 2013), was mistaken. (Def.'s Mem. in Supp. at 6.) Relying on *Pyles*, this Court held that the VCCA expressly permitted the award of attorneys' fees when the statute permitted recovery of "costs of suit." (Mem. Op. at 21–22); *see also* Va. Code Ann. § 18.2-152.12.

In the American legal system, a "prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the" non-prevailing litigant. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). The exceptions to this rule allow for recovery of attorneys' fees (1) when it is statutorily provided or (2) when it is part of an enforceable contract. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714 (1967)).

In *Pyles*, the District Court for the Eastern District of Virginia granted "attorneys' fees for the cost of the suit" pursuant to Virginia Code § 18.2-152.12(A). *Pyles*, 2013 WL 4033650, at *3. The court stated:

> Since the jury found that Ms. Pyles's actions fall under one of the three aforementioned clauses in the Virginia Computer Crimes Act, [Tech Sys. Inc. ("TSI")] *is entitled to attorney's fees for the cost of the suit*. It is not

4

> enough for Ms. Pyles to violate the VCCA in order for TSI to recover the cost of ligation. TSI must show that Ms. Pyles acted with malicious intent. TSI argues that the jury's award of punitive damages makes apparent its finding that there was malicious intent. The Court holds that the jury's award demonstrates the jury found malicious intent. The jury was instructed that liability on this claim required TSI demonstrate that Ms. Pyles committed any of the prohibited acts with malicious intent. Therefore, TSI is entitled to recover the costs of not only attorneys' fees but also the cost of litigation.

*Id.* (emphasis added) (citations omitted). Thus, the court in *Pyles* granted attorneys' fees and costs using a statutory exception—namely, Virginia Code § 18.2-152.12—because it found malicious intent. *See id.* While the court also granted attorneys' fees pursuant to the Electronic Communications Privacy Act ("ECPA"), the court was clear that it was awarding attorneys' fees under *both* the VCCA and ECPA. *Id.* ("TSI is *also* entitled to reasonable attorney's fees and the costs of litigation under the ECPA.") (emphasis added).

After this Court entered its order awarding attorneys' fees, the Fourth Circuit noted that subsection (A) of Virginia Code § 18.2-152.12 focuses on and permits recovery of court costs, not attorneys' fees, unlike subsections B and C of the statute. *See GMS Indus. Supply, Inc. v. Greer*, No. 22-2090, 2024 WL 4024034, at *5 (4th Cir. Sep. 3, 2024) ("The Virginia Computer Crimes Act likewise authorizes attorneys' fees, *id.* § 18.2-152.12(B), (C), and court costs, *id.* § 18.2-152.12(A).").

Virginia law supports this conclusion as well. Virginia courts recognize that when one part of a statute includes language absent from another part of the same statute, the omission is meaningful and intentional. *See Cascade Creek Homes, Inc. v. Cnty of Chesterfield*, No. 1179-23-2, 2024 WL 3939985, at *3 (Va. Ct. App. Aug. 27, 2024);

5

*Halifax Corp. v. First Union Nat'l Bank*, 546 S.E.2d 696, 702 (Va. 2001) ("[W]hen the General Assembly includes specific language in one section of a statute, but omits that language from another section of the statute, we must presume that the exclusion of the language was intentional."). Moreover, the Supreme Court of Virginia has held that the term "costs" does not inherently include attorneys' fees, as suggested by the General Assembly's consistent use of the phrase "attorney's fees and costs" throughout the Code of Virginia. *Chacey v. Garvey*, 781 S.E.2d 357, 360–361 (Va. 2015) (citing *Advanced Marine Enters., Inc. v. PRC Inc.*, 256 Va. 106 (1998)). Therefore, Virginia precedent indicates that when a statute which provides for recovery of "costs" does not also state "attorneys' fees," the statute should not be read to permit recovery of attorneys' fees. And these "costs" only include "those costs essential for prosecution of the suit, such as filing fees or charges for service of process." *Chacey*, 781 S.E.2d at 361.

Here, Virginia Code § 18.2-152.12(A) states that a litigant may recover "the costs of suit." Yet, unlike subsection (A), subsections (B) and (C) explicitly permit recovery of "attorneys' fees and costs" in cases involving transmissions of spam. Accordingly, Virginia law requires this Court to assign significance to the General Assembly's omission of "attorneys' fees" in subsection (A) and its inclusion in subsections (B) and (C). *See Halifax Corp.*, 546 S.E.2d at 702. However, even without this context clue, Virginia precedent suggests reading "costs" narrowly, against including attorneys' fees.

Accordingly, after reconsidering the text of Virginia Code § 18.2-152.12, Virginia precedent, and recent Fourth Circuit interpretation of this Code section, the Court now finds that the VCCA does not statutorily permit the award of attorneys' fees under

6

Virginia Code § 18.2-152.12(A).[2] Since no other exception warrants awarding attorneys' fees in their entirety, the Court erred when it granted recovery of such fees pursuant to the VCCA and should have limited the award to only "those costs essential for prosecution of the suit, such as filing fees or charges for service of process." *Chacey*, 781 S.E.2d at 361.

While the Court will not award attorneys' fees pursuant to Virginia Code § 18.2-152.12, the Court maintains discretion to impose attorneys' fees as a sanction. The Court has "certain 'inherent powers,' not conferred by rule or statute . . . to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (citations omitted). The Fourth Circuit has imposed sanctions when an attorney acted "wantonly, vexatiously, or in bad faith." *Williams v. County of Fairfax*, No. 96-1109, 1998 WL 708694, at *3 (4th Cir. 1998) ("[T]he district court is free to consider sanctions against counsel [and parties] under Fed. R. Civ. P. 11 and under the court's inherent power to sanction."). Here, as the Court has already held, Defendant undoubtedly acted in bad faith. (Mem. Op. at 31–32.)

A court-imposed sanction must be directly related to the harm. *See Keyes Law Firm, LLC v. Napoli*, 120 F.4th 139, 144 (4th Cir. 2024) ("The relevant inquiry is whether there is a sufficient causal link between the sanctioned misconduct and the fees

---

[2] In reaching this conclusion, the Court finds that the Court in *Pyles* also misinterpreted Virginia Code § 18.2-152.12(A). However, the *Pyles* court did not err in ultimately awarding attorneys' fees as the court held the ECPA also warranted awarding attorneys' fees. In *Knowesis, Inc. v. Herrera*, 103 Va. Cir. 175, 182 (2019), the Virginia Circuit Court also awarded "attorney's fees and costs for [the plaintiff's] successful prosecution of the VCCA count." However, the circuit court did not explain, nor did the facts indicate, whether subsections (B) or (C) applied.

7

awarded."); *Goodyear*, 581 U.S. at 108 ("[T]he fee award may go no further than to redress the wronged party 'for losses sustained.'") (quoting *United States v. Mine Workers*, 330 U.S. 258, 304 (1947)). Thus, the Court can award attorneys' fees that accumulated due to "the misconduct at issue" to compensate Plaintiffs. *See Goodyear*, 581 U.S. at 108.

In response to Defendant's egregious conduct throughout this litigation, Plaintiffs moved for sanctions seeking a default judgment, the opportunity to depose Defendant, and attorneys' fees and costs. (Pls.' Am. Mot. for Sanctions at 1, ECF No. 111.) After considering Plaintiffs' motion, the Court held that Defendant's conduct "prejudiced the judicial process, administration of justice, and Bowlero" and awarded default judgment in Plaintiffs' favor. (Mem. Op. at 33.) At that time, the Court did not award attorneys' fees since doing so would have been duplicative and redundant after awarding fees under the VCCA. Since the Court will no longer award attorneys' fees under the VCCA, the Court concludes that only awarding default judgment is no longer sufficiently appropriate to "punish Defendant, compensate Bowlero, deter similar conduct in the future, and serve the public interest." (*Id.*) Therefore, the Court will amend its previous ruling (ECF Nos. 181–183) and grant the additional sanction that Defendant pay Bowlero attorneys' fees and costs in connection with investigating the issues related to the manipulation of the originally produced June 17 Recording and preparing its initial and amended Motion for Sanctions, and supporting memoranda of law, as well as for continuing to litigate the Amended Motion. To assist in the Court's determination of these fees accumulated due to Defendant's bad faith, further briefing will be ordered.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Reconsideration will be granted. The Court will amend its prior ruling and award Plaintiffs costs as defined by Virginia law under the VCCA. In addition, the Court will award limited attorneys' fees as a sanction.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 11, 2024
Richmond, Virginia